UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| OTIS A. STOKLEY, JR. ) | |
| ) | No. CV-12-0043-CI |
| Plaintiff, ) | |
| ) | ORDER DENYING PLAINTIFF'S |
| v. ) | MOTION FOR SUMMARY JUDGMENT |
| ) | AND GRANTING DEFENDANT'S |
| CAROLYN W. COLVIN, Acting ) | MOTION FOR SUMMARY JUDGMENT |
| Commissioner of Social ) | |
| Security,[1] ) | |
| ) | |
| Defendant ) | |

BEFORE THE COURT are cross-Motions for Summary Judgment (ECF No. 14, 17. Attorney Maureen J. Rosette represents Otis A. Stokley, Jr. (Plaintiff); Special Assistant United States Attorney Jeffrey McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and briefs filed by the parties, the court **DENIES** Plaintiff's Motion for Summary Judgment, and directs entry of judgment for Defendant.

---

[1] Carolyn W. Colvin became Acting Commissioner of Social Security on February 14, 2013. Under FED. R. CIV. P. 25 (d), Carolyn W. Colvin is substituted for Michael J. Astrue as the Defendant. No further action need be taken to continue this suit. 42 U.S.C. § 405(g).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 1

## JURISDICTION

Plaintiff filed for disability insurance benefits (DIB) and Supplemental Security Income (SSI) on April 11, 2008. Tr. 24, 194. He alleged disability due to leg, back and hip problems, right leg and left hand injury, and right eye problems with an onset date of November 6, 2000. Tr. 183-184. Plaintiff's claim was denied initially and on reconsideration, after which he requested a hearing before an administrative law judge (ALJ). A hearing was held on April 1, 2010, before ALJ Connie Haskins. Tr. 39-64. The ALJ fully informed Plaintiff of his right to be represented during the proceedings, but Plaintiff declined representation and signed a Waiver of Right to Representation. Tr. 41-43, 45, 135. Plaintiff and vocational expert Frederick Cutler (VE) testified at the hearing. On February May 19, 2010, the ALJ denied benefits. Tr. 24-34. After reviewing new evidence submitted after the ALJ's decision, the Appeals Council denied review on December 1, 2011. Tr. 1-6, 354-65, 392-400. Thereafter, Plaintiff timely lodged this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1.

## STANDARD OF REVIEW

In *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), the court set out the standard of review:

> A district court's order upholding the Commissioner's denial of benefits is reviewed *de novo*. *Harman v. Apfel*, 211 F.3d 1172, 1174 (9th Cir. 2000). The decision of the Commissioner may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 2

than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).

It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or non-disability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**SEQUENTIAL EVALUATION**

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled as defined in the Social Security Act. 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1520(a), 416.920(a). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 3

case of entitlement to disability benefits.  *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971).  A claimant must establish that a physical or mental impairment prevents him from engaging in previous occupation.  20 C.F.R. §§ 404.1520(a), 416.920(a).  If a claimant establishes he cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Kail v. Heckler*, 722 F.2d 1496, 1497-98 (9th Cir. 1984).  If there is no other work in the national economy the claimant can perform, he is disabled and eligible for benefits.  20 C.F.R. §§ 404.1520(g), 416.920(g).

**STATEMENT OF THE CASE**

The facts of the case are set forth in detail in the transcript of proceedings and briefly summarized here.  Plaintiff was 34 years old at the time of the hearing.  He was single with five children and was renting a room from his children's mother.  Three of his children lived in their mother's house, and he provided child care while the mother was at work.  Tr. 47-48.  Plaintiff stated he completed high school and had two years of college.  Tr. 54.  He has past work experience as a hotel bellman/clerk, a laborer, a line cook, a fast food restaurant manager, and a warehouseman.  His work history indicates he worked between 2002 and 2007 at substantial gainful activity levels.  Tr. 185.

Plaintiff has a congenital deformity of the lower right leg.  He reports his lower right leg has only a tibia and a rudimentary

right foot, a condition which causes the right leg to be considerably shorter than the left leg. Tr. 280, 300. He has worn a prosthesis on the right leg since he was five years old. *Id*.

Plaintiff last worked in 2007, but quit the job because his prosthesis did not fit and was causing him discomfort. Tr. 48. He testified his insurance will not cover the cost of a new cast. Tr. 49. He states he cannot work due to pain from standing with an ill-fitting prosthesis.

**ADMINISTRATIVE DECISION**

The ALJ initially determined Plaintiff met DIB insurance requirements through December 31, 2012. At step one, she found Plaintiff had worked at the level of substantial gainful employment between 2000 and 2007 after his alleged onset date, but there was a continuous 12-month period during which he was not engaged in substantial gainful employment. Tr. 26. At step two, she found Plaintiff had severe impairments of congenital deformity of the right leg and crush injury of the left hand and non-severe impairments of mood disorder, NOS, hypertension, status post-eye injury, and cannabis abuse. Tr. 27. At step three she determined Plaintiff's impairments alone or combined did not meet or medically equal any of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1 (Listings). At step four she found Plaintiff's self-reported limitations were not entirely credible and he had the residual functional capacity (RFC) to perform light work with the option to sit/stand alternative at will, "provided that he would not be off task for more than ten percent of the work period." Tr. 27-28. She also identified the following non-exertional restrictions:

>He could never use foot control operation with his right foot; never climb ladders, ropes or scaffolds; occasionally climb ramps or stairs, balance, stoop, crouch, kneel and crawl. He could only perform frequent handling and fingering with his non-dominant left hand. He would need to avoid all exposure to hazards such as moving machinery and unprotected heights.

Tr. 28.

## ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Plaintiff argues the ALJ: (1) did not properly develop the record; (2) did not properly conduct a drug and alcohol abuse (DAA) analysis; (3) did not consider or reject the reviewing physician's Debra Iannuzzi's opinions; and (4) did not give a complete hypothetical to the testifying vocational expert. He also contends new evidence supports his claim for benefits. ECF No. 18 at 8-13. Defendant argues the ALJ's decision is supported by substantial evidence and free of legal error. He contends the ALJ's denial of benefits is a rational interpretation of the evidence and must be affirmed. ECF No 18 at 4-13.

## DISCUSSION

**A.   The ALJ's Duty to Develop the Record**

Generally, the ALJ's discretionary duty to supplement the record is triggered by ambiguous evidence or when the record is inadequate to properly evaluate the evidence. *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). However, this duty is heightened when a claimant is unrepresented at the proceedings. With a *pro se* claimant, the ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts" and be "especially

diligent in ensuring that favorable as well as unfavorable facts and circumstances are elicited." *Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981) (*citing Cox v. Califano*, 587 F.2d 988, 991 (9th Cir. 1978).

Plaintiff claims his case should be remanded because he was unrepresented at the hearing. ECF No. 15 at 9. However, lack of representation alone is insufficient grounds for remand. *Hall v. Secretary of Health, Ed. and Welfare*, 602 F.2d 1372 (9th Cir. 1979). Plaintiff's argument that remand is necessary to supplement the record with his testimony regarding how much weight he could lift and carry or how long he could sit, stand, and walk without a prosthetic is without merit. ECF NO. 15 at 9-10. He appears to argue that the ALJ must have this testimony to "determine his actual residual functional capacity." Id. This argument is not persuasive.

To warrant remand to develop the record, a claimant must show prejudice or unfairness in the proceedings. *Hall*, *supra*. Further, the determination of a claimant's ability to work is based on more than a claimant's testimony; to support a finding of disability, functional capacity limitations must be supported by relevant medical evidence that is not dependent upon the claimant's statements. 20 C.F.R. § 416.929 (claimant's statements alone cannot establish disability); *see also Widmark v. Barnhart*, 454 F.3d 1063, 1068)(2006)(ALJ required to seek additional evidence more probative than unrepresented claimant's testimony).

Medical records reviewed and summarized by the ALJ describe in detail Plaintiff's self-reported limitations and those assessed by licensed physicians who examined Plaintiff in between 2000 and 2008.

Tr. 30, 32.  For example, in 2005 and 2008, Dr. Robert Bray and Dr. Peter Weir, respectively, provided complete functional assessments supported by objective findings that the ALJ considered fully in his RFC findings.  Tr. 276-80, 300-305.  The ALJ gave these examining medical opinions significant weight in the formulation of the final RFC.  Tr. 32.  As noted by the ALJ, their findings and conclusions are fundamentally the same and support a finding of non-disability. Tr. 30-31.

   The ALJ considered unambiguous, highly probative medical evidence in determining the claimant's RFC.  Additional subjective testimony from Plaintiff will not outweigh these well-supported medical opinions that Plaintiff retains the ability to sustain work. *See* 20 C.F.R. §§ 404.1545,416.945(a)(3), 404.1529, 416.929 (evidence considered in RFC assessment).

   Regarding Plaintiff's vision, the record is complete regarding limitations caused by work injury to Plaintiff's right eye.  At the hearing, Plaintiff stated his vision was getting worse.  Tr. 61. The ALJ considered this testimony in her decision, and referenced records from Plaintiff's treating physician in Alaska that indicate Plaintiff's vision acuity was reduced by a workplace injury, but his vision was restored to visual acuity of 20/30 in 2001, shortly after the injury.  Tr. 248-50.  As noted by the ALJ, the treating physician observed that depth perception "may have been altered." Tr. 29, 260.  After finding vision problems have not be been treated since Plaintiff was treated immediately after the eye injury in 2000, she gave the treating physicians opinions controlling weight.  Tr. 31.

The weight given these opinions is supported by more recent medical evidence. For example, Plaintiff reported his eye injury to both examining physicians. Dr. Bray found minor reduction in visual acuity in 2005, and Dr. Weir found visual acuity and visual fields were normal in 2008. Tr. 277, 280, 304. Neither physician identified visual limitations that would affect Plaintiff's ability to work. Tr. 280, 304. Nonetheless, the ALJ appropriately restricted Plaintiff from unprotected heights and moving machinery to accommodate depth perception deficits mentioned by the treating medical provider in 2001. Tr. 28, 260.

In addition to considering medical evidence that adequately reflects Plaintiff's medical history, the ALJ gave legally sufficient reasons, supported by the record, for discounting Plaintiff's self-reported symptoms and limitations caused by his medically determinable impairments. Tr. 28-31. These findings have not been challenged. If additional testimony were taken, it likewise would be subject to rejection by the ALJ when inconsistent with or unsupported by existing medical evidence which fully supports the ALJ's decision. *SSR* 96-7p.

Plaintiff identifies neither prejudice arising from his lack of representation (which he knowingly and voluntarily waived), nor ambiguity or inadequacy in the medical record that would trigger the ALJ's duty to take additional testimony to establish his RFC. Plaintiff's argument that remand for further development of the record fails.

**B.   Drug Addiction and Alcoholism (DAA) Analysis**

Plaintiff asserts the ALJ was "required to determine what

1 limitations would remain absent substance use." ECF No. 15 at 12. However, the ALJ found cannabis abuse and mood disorder were non-severe impairments that would not cause more than minimal limitations in Plaintiff's ability to perform basic work activities. Tr. 27. Plaintiff does not dispute the ALJ's finding that his cannabis abuse is non-severe. The ALJ properly considered cannabis abuse in combination with other impairments and determined Plaintiff's impairments were not disabling. Tr. 27. Therefore, the ALJ's ultimate decision that Plaintiff is not disabled with the effects of non-severe cannabis abuse precludes the need to make findings regarding Plaintiff's limitations absent the minimal effects of cannabis abuse. *See* 20 C.F.R. §§ 404.1535,(b) 416.935(b); *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001).

**C.   Final RFC Determination**

Plaintiff contends the ALJ did not give proper weight to the opinions of reviewing agency physician Debra Iannuzzi, M.D., in assessing his RFC. ECF No. 15 at 10. Dr. Iannuzzi reviewed Plaintiff's medical record in July 2008, and assessed greater exertional limitations than those assessed by examining physicians Andrew Weir, M.D., and Robert Bray, M.D. Tr. 32, 307-13. Dr. Iannuzzi opined Plaintiff was capable of light work,[2] but could only

---

[2] The full range of light exertional work involves lifting no more than 20 pounds at a time with frequent lifting or carrying objects weighing up to 10 pounds. "If someone can do light work, we determine that he or she can also do sedentary work, unless there

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 10

stand and walk two hours out of an eight-hour workday and sit six hours out of an eight-hour day.  Tr. 307.  The ALJ accepted these limitations in conjunction with the opinions of Drs. Bray and Weir at step four.  Tr. 32.

Determination of a claimant's ability to perform work related activities is the responsibility solely of the ALJ, and "the court may not substitute its judgment for that of the Commissioner." *Tackett,* 180 F.3d at 1098.  Further, the final RFC is not a medical issue dependent on a physician's opinion; it is an administrative finding of fact based on evidence in the entire record. 20 C.F.R. § 416.946(c); *SSR* 96-5p.  *See also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (ALJ's rational interpretation of the evidence upheld).

Plaintiff appears to argue that the ALJ's final RFC determination requiring a sit/stand alternative conflicts with Dr. Iannuzzi's assessed functional limitations.  ECF No. 15 at 10.  This is not the case.  Not only did the ALJ consider Dr. Iannuzzi's assessment, she incorporated Dr. Iannuzzi's assessed exertional limitations in the final RFC determination.  Tr. 27-28, 313.  Both the ALJ and Dr. Iannuzzi found Plaintiff capable light work with additional restrictions.  While Dr. Iannuzzi specifically limited Plaintiff to two hours of standing during an eight-hour day, the

---

are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).  Sedentary work is thus included in the occupational base of light level work.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 11

ALJ's final RFC determination includes the option to sit and stand at will during the entire work day, *i.e.*, Plaintiff may choose when and how long to sit and stand with this RFC. Dr. Iannuzzi's findings thus are subsumed in the final RFC determination, and the ALJ had no need to reject her findings. *See Turner v. Commissioner of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010)( ALJ's assessed limitations need not be identical to physician's findings; if ALJ's findings are consistent with the medical opinion, no conflict exists).

As explained by the Commissioner, where an individual is assessed with the need for alternate periods of sitting and standing, or does not have the capacity for a full range of light work, vocational expert testimony should be taken to clarify the implications for the occupational base. *See SSR* 83-12 (*Evaluating Exertional Limitations Within a Range of Work or Between Ranges of Work*). The ALJ properly obtained expert testimony to discern whether light or sedentary work with a sit/stand option existed that Plaintiff could perform.

The hearing transcript shows the ALJ explicitly included an "at will" sit/stand option in the second hypothetical propounded to the VE. Tr. 57, 59-60. As noted above, Plaintiff could chose to stand more or less than two hours with this option. The VE testified jobs available for this hypothetical individual would be performed predominantly at the sedentary level. Tr. 59-61. Based on Plaintiff's education, the *Dictionary of Occupational Titles*, and his own experience and observations, the VE opined there were jobs as a cashier, teacher's aide, and telephone solicitor that Plaintiff

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 12

could perform at the sedentary level with the sit/stand option. Tr. 60-61.

The ALJ's step four and step findings are supported by substantial evidence and free of legal error. The ALJ's RFC determination properly factors in limitations assessed by Dr. Iannuzzi that fall between the ranges of light and sedentary work. The hypothetical propounded to the VE reflects a rational interpretation of all relevant medical evidence, expert testimony, and Plaintiff's credible statements supported by the record. Plaintiff's argument that remand is necessary for a new RFC assessment to include Dr. Iannuzzi's findings fails.

**D.   New Medical Evidence of Mental Impairments**

Plaintiff argues new evidence from psychologist Dennis Pollack, Ph.D., submitted to the Appeals Council after the ALJ rendered her opinion, establishes a severe mental impairment. ECF No 15 at 13. In requesting review of an ALJ's denial of benefits, a claimant may submit new and material evidence to the Appeals Council. However, "the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision." *Brewes v. Commissioner of Social Sec. Admin*, 682 F.3d 1157, 1162 (9th Cir. 2012)(*citing* 20 C.F.R. § 404.970(b)).  When the Appeals Council considers new evidence in deciding whether to review an ALJ's denial of benefits, that evidence becomes part of the administrative record which the district court must consider on review. *Id*. at 1163 (*citing Ramirez v. Shalala*, 8 F.3d 1449, 1451-52 (9th Cir. 1993).

On May 20, 2011, Plaintiff' representative submitted Dr.

Pollack's evaluation to the Appeals Council. Tr. 354. The report, dated May 18, 2011, summarizes results from an interview and several psychological tests, including the Minnesota Multiphasic Personality Inventory (MMPI-IV), the Wechsler Adult Intelligence Scale (WAIS-IV), and the Test of Memory and Malingering (TOMM). The examination took place on April 5 and May 3, 2011, almost one year after the ALJ rendered her decision. Dr. Pollack also reviewed results of MRI imaging of Plaintiff's right leg. Tr. 355-90.

Noting psychological test scores that indicate possible exaggeration of symptoms but no affirmative evidence of malingering, Dr. Pollack concluded Plaintiff was best described as having a dysthymic disorder and polysubstance dependence in remission. He noted an attention deficit disorder "by history" and personality disorder with antisocial and borderline traits. Tr. 360-61.

In a form summary, Dr. Pollack found Plaintiff had no significant limitations in the majority of categories, including the ability to sustain ordinary routine without special supervision, the ability to work in coordination with or proximity to others without being distracted, the ability to work with the general public, and the ability to respond appropriately to changes in the work setting. Although he assessed mild limitations in Plaintiff's ability to maintain concentration and attention for extended periods, Dr. Pollack concluded Plaintiff had a single marked limitation in his ability to "perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances." Tr. 363.

Because this evidence was acquired almost a year after the ALJ rendered her decision, it is neither relevant nor probative to

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 14

Plaintiff's mental condition for purposes of this review. *Brewes*, 682 F.3d at 1162. Further, much of the information used in Dr. Pollack's evaluation is based on Plaintiff's self-report and, even if relevant, would be of questionable reliability - as shown by Dr. Pollack's finding of possible exaggeration of difficulties. Tr. 359. Finally, Dr. Pollack found only one marked limitation in Plaintiff's mental functioning; most categories were either of no significance or mildly limited. Plaintiff fails to show how this one marked limitation (that is inconsistent with findings of no limitations in ability to get along with co-workers and the general public, carry out detailed instructions, and a mild limitation in concentration for extended periods of time) would support a finding of a severe mental impairment or a finding of disability.

Plaintiff's new evidence is not relevant to the alleged period of disability and it fails to show any reasonable possibility of changing the outcome of the ALJ's determination. Remand for consideration by the ALJ is not warranted. *Mayes*, 276 F.3d at 462.

**CONCLUSION**

The Commissioner's denial of benefits is supported by substantial evidence and without legal error. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14,** is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17,** is **GRANTED;**

3. Judgment shall be entered for Defendant.

The District Court Executive is directed to file this Order and

provide a copy to counsel for Plaintiff and Defendant and the file shall be **CLOSED**.

DATED April 29, 2013.

```
                    S/ CYNTHIA IMBROGNO
                UNITED STATES MAGISTRATE JUDGE
```